**CURTIS v. WHITEFORD et al., Members of the Grievance Committee of The Supreme Court of the District of Columbia, Appellees.**

No. 4897.

Court of Appeals of District of Columbia.

Submitted Jan. 6, 1930.

Decided May 5, 1930.

Motion for Rehearing Denied May 24, 1930.

ices and proper credits thereon; "that by reason of the premises, said Affidavit of Merit of said Curtis was false and untrue, as he at the time of making the same well knew, and that in making and filing the same, as aforesaid, said Curtis was guilty of conduct prejudicial to the administration of justice."

The case was heard upon evidence in open court. In the written "Decision and Opinion," after a careful review of the evidence, the court said: "The court can see no escape from the conclusion that the affidavit of merit made by the respondent was false in stating that he had received no compensation for his services, and that he well knew the affidavit to be false in that particular when he made it. It was not a case of forgetting, and he did not claim to have forgotten, that he had received the $100.00, because he talked with his counsel about it at the very time when the affidavit was being drawn up, and misrepresented to his counsel the facts with regard to it. The whole responsibility for the untrue statement is his. It might seem strange that the respondent should thus have misstated a matter of fact which the records of this court would make obvious; that it must be remembered that this was an affidavit filed for the purpose, and it must be presumed with the expectation, or at least with the hope, of securing a judgment without a trial, and that if there had been no answer judgment would have been obtained; and that the former client whom he was proceeding against had been an adjudicated lunatic when the services had been for the most part rendered, and was such at the time she gave the note referred to in the second count. Mrs. Griffiths was an inmate of St. Elizabeth's Hospital when nearly all of the alleged services were rendered, being there under an adjudication of lunacy, and she was found to be still of unsound mind by a jury on July 19, 1926, which was after the note in question was given. It is true that upon a later trial, in September, 1926, she was found by the jury to be of sound mind, and thereupon repudiated her alleged obligations to the respondent and refused to visit his office. The conclusion seems unavoidable that the respondent made the misstatement in his affidavit for the purpose of obtaining an advantage over his client which the facts did not justify. It is not necessary to go through the record of the respondent's testimony in the disbarment case and point out the various evasions and inconsistent statements which he made as a witness. These serve, however, to make clearer

J. S. Easby-Smith, R. F. Downing, and W. J. Neale, all of Washington, D. C., for appellant.

M. M. Doyle and J. W. Latimer, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice.

Appeal from an order of the Supreme Court of the District in General Term, four justices sitting, disbarring appellant.

The grievance committee of the court below filed in that court a duly verified charge against appellant, alleging that he was plaintiff and Mrs. Anna M. Griffiths was defendant in a suit in the municipal court of the District for the recovery of $600 for alleged legal services rendered by appellant to Mrs. Griffiths, and that there was filed with the declaration an affidavit of merit, duly signed and verified by appellant, in which he stated that he had not "received any compensation whatever from the defendant," and that $600 was justly due him from the defendant, "exclusive of all set-offs and just grounds of defense"; whereas appellant had theretofore received $100 on account of such alleged legal services, and also had in his hands $75 belonging to Mrs. Griffiths, yet no mention of either was contained in the affidavit; that appellant well knew that these sums were just set-offs against his claim for legal serv-

the respondent's want of candor and honesty even when he was upon trial before this court upon this charge, when, instead of acknowledging his fault, he continued his attempt to justify the terms of his affidavit. * * * "

The court therefore found appellant "guilty of conduct prejudicial to the administration of justice, and that he should be disbarred.",

The $100 was paid appellant as a result of a petition and order of the court below in a lunacy case; both petition and order having been prepared by appellant. In the order, the committee of Mrs. Griffiths was directed to "pay to George F. Curtis a retaining fee in the sum of $100—on account of fees for services rendered, in connection with habeas corpus case No. 1318 in behalf of said Anna M. Griffiths and for services to be rendered her. * * * "

John J. O'Brien, to whom the court below referred as "a comparatively young lawyer," was employed by appellant to bring the municipal court action. He appeared as a witness for appellant in the disbarment case, and was asked whether he prepared the pleadings in the municipal court action. He replied, "I say we both prepared the pleadings." He further testified that appellant "had quite a little to say in the preparing of the affidavit."

Appellant testified in the disbarment case that "O'Brien said to him very emphatically that the retainer was no part of the fees." Mr. O'Brien testified that appellant had stated to him "that the $100 was strictly a retainer fee. He (O'Brien) had not seen the order prior to the making of the affidavit of merit but has seen it since. At the time of the making of the affidavit witness did not understand the form of the order." The order allowing appellant a retainer fee of $100 was read to the witness, "who thereupon testified that if his attention was directed to the particular wording he would say that it was on account and should be set out in the affidavit."

Appellant during the trial in the municipal court personally amended the declaration, and Mr. O'Brien testified that he did not see the amendment until during the disbarment proceedings. The amendment was in appellant's handwriting.

Appellant concedes that the court below would "have the power to try a member of the bar for a crime involving moral turpitude if the acts charged are committed in his professional character," but insists that, when the acts charged "are acts committed entirely outside his professional character, and in his personal character only, the Court below has no jurisdiction."

Section 219 of the Code clothes the Supreme Court, in general term, with "full power and authority to censure, suspend from practice, or expel any member of its bar for any crime, misdemeanor, fraud, deceit, malpractice, professional misconduct, *or any conduct prejudicial to* the administration of justice." (Italics ours.)

In our view, appellant has too narrowly construed section 219. By that section express authority is conferred to disbar for professional misconduct, or *any* conduct prejudicial to the administration of justice. Since conduct by an attorney in his professional capacity prejudicial to the administration of justice would necessarily constitute professional misconduct, the provision "any conduct prejudicial to the administration of justice" would be useless, if given the interpretation accorded it by appellant. But in the present case we think it clear that appellant was acting in a professional capacity, for he assisted in the preparation of the pleadings and affidavit in the municipal court case, and personally amended the declaration during the progress of the trial. He was therefore acting as an attorney in his own behalf.

Did the evidence justify the conclusion of the court below that appellant was guilty of knowingly making a false affidavit, and therefore guilty of "conduct prejudicial to the administration of justice?" The four justices of the court below, after a hearing in open court, concurred in a finding against appellant. "No other tribunal can decide, in a case of removal from the bar, with the same means of information as the court itself." Ex parte Burr, 9 Wheat. 529, 530, 6 L. Ed. 152. Without further reviewing the evidence, we conclude that it furnished a proper basis for the judgment of the court below.

Judgment affirmed.

Affirmed.